# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * *   * | |
| KATHLEEN OLSZEWSKI,                     * | |
| *                                         | No. 13-028V |
| Petitioner,                             * | Special Master Christian J. Moran |
| *                                         | |
| v.                                      * | |
| *                                         | |
| SECRETARY OF HEALTH                     * | Filed: October 17, 2014 |
| AND HUMAN SERVICES,                     * | |
| *                                         | Findings of Fact; onset. |
| Respondent.                             * | |
| * * * * * * * * * * * * * * * * * * *   * | |

John L. Defazio, Viola Cummings and Lindsay, LLP, Niagara Falls, NY, for petitioner;
Darry R. Wishard, United States Dep't of Justice, Washington, DC, for respondent.

## Findings of Fact[1]

Ms. Olszewski alleges that a tetanus vaccination, given on May 13, 2011, led to her developing irritable bowel syndrome. Although a medical record documents the vaccination in May 2011, the earliest medical record describing gastrointestinal problems was created on December 18, 2011, seven months later.

The parties differ regarding when the symptoms associated with irritable bowel syndrome began. Ms. Olszewski's position is the onset occurred between May 26, 2011 and June 7, 2011. The Secretary's stance is the onset occurred between November 10, 2011 and December 11, 2011.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

To resolve the apparent discrepancy between the lack of medical records created in the latter half of 2011 and Ms. Olszewski's affidavit, a hearing was held. Ms. Olszewski and her husband testified. Following the hearing, Ms. Olszewski filed additional information, including an email to her sister created on June 7, 2011. Exhibit 19.

The parties set forth their positions in briefs filed after the hearing. Thus, the matter is ready for adjudication according to the established criteria for finding facts. See Hesse v. Sec'y of Health & Human Servs., No. 13-177V, 2014 WL 2038252, at *1-3 (Fed. Cl. Spec. Mstr. April 22, 2014).

Preponderant evidence establishes that Ms. Olszewski started having significant gastrointestinal problems, including urgency, soft and messy stools, as well as gas, on June 1, 2011. The evidence supporting this finding includes:

a. Dr. White's May 26, 2011 report that does not indicate any problems with Ms. Olszewski's gastrointestinal system;
b. Mr. Olszewski's testimony that his wife's symptoms started roughly a week after she returned to their home in Buffalo on May 20, 2011. Tr. 14-20.
c. Ms. Olszewski's testimony that her symptoms started between May 20, 2011 and June 1, 2011. Tr. 33, 79, 96.
d. Ms. Olszewski's June 7, 2011 email to her sister inquiring about bowel problems.[2] Exhibit 19.

Against this evidence, the Secretary primarily points to the November 10, 2011 report of Ms. Olszewski's gynecologist, Dr. Allen, that appears to indicate that Ms. Olszewski's gastrointestinal system was normal. Exhibit 2 at 14. Although Dr. Allen's record is valuable, the Secretary's reliance on this document is not persuasive. Ms. Olszewski testified that she did not speak to her gynecologist about gastrointestinal issues. Tr. 56, 88. Furthermore, the details about Ms. Olszewski's systems in Dr. Allen's record from 2011 duplicates his

---

[2] Because Ms. Olszewski produced this email after she testified, she was not questioned about its origins. The Secretary raised several questions about its genuineness. Ms. Olszewski demonstrated the authenticity of the email by retaining an information technology specialist who examined Ms. Olszewski's computer and attested to its validity as to the date of creation. Exhibit 26.

2

record from 2010.  Compare exhibit 2 at 14 with exhibit 2 at 23.  This repetition calls into question the accuracy of some of the information recorded in Dr. Allen's computerized medical record.

In short, the better evidence supports a finding between May 26, 2011 and June 7, 2011.  Within this range, June 1, 2011 is selected as the date Ms. Olszewski started to experience significant gastrointestinal problems.

The parties **ARE ORDERED** to provide this finding of fact to any expert whom they retain.  An expert's assumption of any fact that is inconsistent with these Findings of Fact will not be credited.  Burns v. Sec'y of Health & Human Servs., 3 F.3d 415, 417 (Fed .Cir. 1993) (holding that the special master did not abuse his discretion in refraining from conducting a hearing when the petitioner's expert "based his opinion on facts not substantiated by the record").

A status conference will be held on **Monday, November 3, 2014 at 10:00 A.M. Eastern time**.  Ms. Olszewski should be prepared to discuss her proposed next steps for this case.

**IT IS SO ORDERED.**

                                                                S/Christian J. Moran
                                                                Christian J. Moran
                                                                Special Master